# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| EMILY TRIAS : | CIVIL ACTION |
| *AS PARENT AND NATURAL* : | |
| *GUARDIAN OF M.T., A MINOR*, : | |
| Plaintiff, : | |
| v. : | NO. 20-813 |
| : | |
| QVC, INC. : | |
| *Defendant.* : | |

## MEMORANDUM

Plaintiff moves to remand this matter to the Court of Common Pleas of Philadelphia County. ECF No. 29. Plaintiff contends that she served Defendant with process prior to Defendant effectuating removal. Therefore, Plaintiff contends, 28 U.S.C. § 1441(b)(2), the "forum defendant rule," bars Defendant from removal because, at the time of removal, Defendant was properly joined and served and a citizen of Pennsylvania. ECF No. 29 at 9. Defendant responds that because it mailed notice of removal to Plaintiff, thereby effectuating removal, before Plaintiff served Defendant with process, Defendant was not "properly joined and served" as required by § 1441(b)(2) at the time that it effectuated removal. ECF No. 30 at 4. Therefore, Defendant contends, the forum defendant rule does not apply, and Defendant's removal is proper. *Id*.

Defendant is required to take three steps to effectuate removal of an action

from state court to federal court:[1] (1) file a notice of removal in federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court. 28 U.S.C. § 1446(d). However, the forum defendant rule states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

The Third Circuit has held that the "plain meaning [of the forum defendant rule] precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), reh'g denied (Sept. 17, 2018). Therefore, a defendant may use "pre-service machinations to remove a case that it otherwise could not" by effectuating removal prior to being served. *Id*. at 154.

Here, Plaintiff is a citizen of South Dakota, and Defendant is a citizen of

---

[1] Although the Third Circuit has not specifically ruled on the "question of when removal is completed in the context of the forum defendant rule. . . [d]istrict judges within the Third Circuit have concluded that § 1446(d) consists of three distinct procedural steps that must be met to 'effect the removal' before a forum defendant is served." *Doe v. Valley Forge Military Acad. & Coll.*, 2019 WL 3208178, at *5 (E.D. Pa. July 15, 2019); *see also Brown v. Teva Pharm., Inc.*, 414 F. Supp. 3d 738, 741 (E.D. Pa. 2019) ("The conclusion of our Court of Appeals in *Diet Drugs* fits with the unambiguous text of § 1446(d) which provides that defendant give written notice to all adverse parties and file a copy of the removal notice with the state court 'which shall effect removal.'") Furthermore, this issued was not briefed or disputed by either party in this case. *See* ECF No. 29 at 10-11; ECF No. 30 at 4.

Pennsylvania. ECF No. 29 at 5; ECF No. 1 at ¶ 6.  Defendant removed this matter based solely on diversity of citizenship.  ECF No. 1.

Neither party disputes the relevant facts in this matter.  First, on February 11, 2020, Plaintiff filed her Complaint in the Court of Common Pleas of Philadelphia County.  ECF No. 29 at 5.  Simultaneously with the filing of the Complaint, the Philadelphia process server forwarded the Complaint to the Sheriff of Chester County, as required by Pennsylvania procedural rules, and requested that the Sheriff serve Defendant immediately, writing, "PLEASE RUSH SERVE ASAP."  ECF No. 29-1 at 2.

Clearly, Plaintiff knew that time was of the essence and was proceeding against this Defendant without delaying service in any way.  However, prior to the Sheriff being able to serve Defendant with the Complaint, Defendant, apparently using the pre-service machinations at its disposal, already had actual notice of the filing and, on February 12, 2020, Defendant filed its Notice of Removal in the Eastern District of Pennsylvania.  ECF No. 29 at 5; ECF No. 30 at 5.  That same day, Defendant sent courtesy copies via U.S. mail to Plaintiff's counsel of both Defendant's Notice of Removal to the United States District Court for the Eastern District of Pennsylvania and Defendant's Notice of Filing of the Notice of Removal filed in the Court of Common Pleas of Philadelphia County,

Pennsylvania.  ECF No. 29 at 6;[2] ECF No. 30 at 6.

On February 13, 2020 at 10:54 a.m., Defendant filed its Notice of Filing of Notice of Removal in state court.[3]  ECF No. 29 at 5; ECF No. 30 at 6.  Four minutes later, at 10:59 a.m., Defendant was served with process by the Chester County's Sheriff's Office.  ECF No. 29 at 5; ECF No. 30 at 6.  The forum chosen by Plaintiff was negated by the deft and swift actions of Defendant who took full advantage of the mail service technique available to it.

Plaintiff contends that she did not receive electronic notification of either removal filing until after she had served Defendant with process and did not receive the written letter with courtesy copies until February 19, 2020.  ECF No. 29 at 6, 12.  Because Plaintiff did not *receive* notification until after she served Defendant, Plaintiff concludes that Defendant did not provide written notice to adverse parties, which is required to effectuate removal, until after Plaintiff served Defendant with process.  *Id*. at 12.  Therefore, Plaintiff claims Defendant had not fully effectuated removal when it was served with process.  *Id*. at 13.  Consequently, Plaintiff concludes that Defendant was properly joined and served at

---

[2] Plaintiff's Motion to Remand states, "On February 12, 2020, Defendant's counsel sent a letter via U.S. Mail only to Plaintiff's counsel. The letter purported to enclose courtesy copies of both (1) Defendant's Notice of Removal to the United States District Court for the Eastern District of Pennsylvania; and (2) Defendant's Notice of Filing of the Notice of Removal filed in the Court of Common Pleas of Philadelphia County, Pennsylvania." ECF No. 29 at 6.

[3] Defendant clarifies, "QVC had submitted and served the state-court notice for electronic filing on February 12, 2020, but it was not formally accepted through the Philadelphia court's electronic filing system until the next morning." ECF No. 30 at 6.

the time of removal, and the forum defendant rule applies to bar removal. *Id*.

However, Federal Rule of Civil Procedure 5 states that "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event **service is complete upon mailing**."[4] Fed. R. Civ. P. 5(b)(2) (emphasis added). Therefore, Defendant contends that it served Plaintiff with the proper notices at the time that it *mailed* the notices on February 12, 2020, not when Plaintiff *received* them.

This Court finds that Defendant completed service for purposes of 28 U.S.C. § 1446(d) when it mailed written notice of removal, and not when Plaintiff received written notice of removal. Therefore, Defendant effectuated removal on February 13, 2020 at 10:54 a.m., when it filed its Notice of Filing of Notice of Removal in state court and completed all three requirements for removal. Defendant was not served until 10:59 a.m., four minutes later. Therefore, Defendant was not "properly joined **and served**" at the time of removal. 28 U.S.C. 1441(b)(2) (emphasis added). Thus, the forum defendant rule does not apply, and removal was proper.

Clearly, Defendant here took advantage of these "pre-service machinations to remove a case that it otherwise could not" have removed. *Encompass Ins. Co.*, 902 F.3d at 152. Defendant had the wherewithal to win the race to the courthouse

---

[4] Fed. R. of Civ. P. 5(1)(E) states that "paper" includes "a written notice, appearance, demand, or offer of judgment, or any similar paper."

by a photo finish of four minutes, taking advantage of the rules allowing service of notice to be complete at the point of mailing while requiring deputized delivery service for service of process of a Complaint. Thus, Defendant simply placed his notice of removal in the mail on February 12, 2020, and it was considered served at that time. Yet Plaintiff had submitted the Complaint for deputized service the day before, on February 11, and Defendant clearly had notice of the filing of the Complaint by February 12, but Defendant was not considered served until February 13, 2020 at 10:59 a.m. when the Chester County Sheriff's Office conducted in-person service.[5]

Even though the Third Circuit did not conclude that this practice was widespread, it noted the concern that, based on the "technological advances since enactment of the forum defendant rule," defendants are capable of "monitor[ing] dockets electronically," which unabashedly gives "defendants an advantage in a

---

[5] Pennsylvania Rule of Civil Procedure 440 allows service by mail of "all legal papers other than original process filed in an action or served upon any party." Because Plaintiff was serving the Complaint for the purpose of giving notice of an original process having been filed against the Defendant, she was unable to do so by mail, which put her at a distinct disadvantage in this race as compared to Defendant who won the race by simply putting notice in the mail. The original process rule, Pa. R. Civ. P. 404, ensures Defendant is put on notice to respond to the Complaint or suffer a default judgment, and, therefore, it requires personal service. It does not exist for the additional purpose of providing Defendant with more time to remove the case when the forum defendant rule would otherwise bar removal. Query the result of a race if Plaintiff, in addition to giving a filed copy of the Complaint for personal service under Pa. R. Civ. P. 404 to the process server, also put a copy of the filed Complaint as another "legal paper" in the mail to Defendant at the address alleged in the Complaint for the discrete and different purpose of making service under Pa. R. Civ. P. 404 for all other reasons, such as issues regarding removal. Query further whether this mailing at the time of filing of the Complaint would put Plaintiff on equal footing in terms of "service" and whether that "service" of this other legal paper would come within the legislative concept of "joined and served."

race-to-the-courthouse removal scenario." *Encompass Ins. Co.*, 902 F.3d at 154. In this case, Defendant plainly took advantage of these technological advances to win this "race-to-the-courthouse removal scenario." *Id*.

    Plaintiff's Motion to Remand (ECF No. 29) is denied. An appropriate order will follow.

                                      **BY THE COURT:**

                                      */s/ Chad F. Kenney*

**DATE: April 2, 2020**                    **CHAD F. KENNEY, JUDGE**